IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re )<br>)<br>SUFFOLK LLC, )<br>)<br>       Debtor. )<br>)<br>_____ )<br>)<br>GABRIEL BOUSBIB and )<br>GONYX CAPITAL, LLC )<br>)<br>       Plaintiffs, )<br>)<br>v. )<br>)<br>GEORGE L. MILLER, )<br>AS THE CHAPTER 7 TRUSTEE OF THE )<br>ESTATE OF SUFFOLK, LLC, )<br>)<br>       Defendant. )<br>) | Chapter 7<br><br>Case No. 07-10343 (CSS)<br><br><br><br><br>Adversary Proceeding<br><br>Adv. Pro. No. _____ |

**COMPLAINT TO COMPEL DISBURSEMENT OF ESCROW
FUNDS TO PLAINTIFS AND FOR RELIEF FROM THE
<u>AUTOMATIC STAY IN CONNECTION THEREWITH</u>**

Plaintiffs Gabriel Bousbib ("Bousbib") and Gonyx Capital, LLC ("Gonyx"), by their undersigned attorneys, as and for their complaint against George L. Miller (the "Defendant"), the Chapter 7 Trustee of Suffolk, LLC's (the "Debtor") estate, allege as follows:

<u>THE PARTIES</u>

1. At all relevant times, Bousbib is an individual residing in the State of New Jersey.

2. At all relevant times, Gonyx is a limited liability company, duly organized and existing under the laws of the State of Delaware.

3.  At all relevant times, the Defendant is the Chapter 7 Trustee appointed for the Debtor's estate.

## JURISDICTION

4.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

6.  Venue in this Court is proper under 28 U.S.C. § 1409.

## BACKGROUND

**The Bankruptcy Case**

7.  On March 16, 2007, Marc S. Kirschner, as the Litigation Trustee and Representative of the Estate of Refco Capital, LLC (the "Refco Trustee"), filed an involuntary petition for relief against the Debtor under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

8.  On April 11, 2007, the Court entered an Order granting relief in an Involuntary Case.

9.  On April 13, 2007, the Defendant was appointed as the Chapter 7 Trustee for the Debtor's estate.

**The Escrow Agreement**

10. Pursuant to a Stock Purchase Agreement by and between Bousbib and Gonyx (collectively, the "Plaintiffs" or the "Plaintiffs") and the Debtor, dated as of March 29, 2005, the Gonyx sold to the Debtor 41,004 shares of Common Stock[1] of PlusFunds Group, Inc. for an

---

[1] Capitalized Terms not otherwise defined herein shall have the meanings ascribed to them in the Stock Purchase Agreement.

2

DM3\717312.1

aggregate purchase price of $14,718,795.84; provided, that $1,700,000.00 of the Purchase Price was remitted to an Escrow Agent pursuant to the terms of an Escrow Agreement.

11. Pursuant to the Escrow Agreement between Plaintiffs, the Debtor and The Bank of New York (the "Escrow Agent"), dated as of March 29, 2005, at the expiration of the Indemnity Period upon receipt of a joint written notice (the "Joint Notice") from the Debtor and the Plaintiffs advising the Escrow Agent that the Indemnity Period has expired, the Escrow Agent is required to pay and distribute to the Plaintiffs any and all of the then outstanding amount of the Escrow Fund, unless any prior claims for indemnification remain pending and unresolved, in which case the Escrow Agent is to withhold an amount necessary to satisfy the claims made when determined and to remit the balance to the Plaintiffs.

12. The Indemnity Period is defined in the Stock Purchase Agreement as two years from the closing date of March 29, 2005.

13. Pursuant to the Escrow Agreement, for each occasion the Debtor determines in good faith that it and/or its affiliates is entitled to the payment of a claim for indemnification under the Stock Purchase Agreement, then the Debtor is required to deliver to the Plaintiffs and the Escrow Agent a detailed written request for the payment of such indemnification claim (the "Claim Notice").

14. As of the date of the Complaint, no Claim Notice was delivered to the Escrow Agent or the Plaintiffs.

**Events in Bankruptcy Case Regarding Escrow Agreement**

15. On April 20, 2007, the Plaintiffs filed a motion for relief from the automatic stay (the "Stay Relief Motion") seeking an order permitting and compelling the Defendant to execute

3

a Joint Notice advising the Escrow Agent that the Indemnity Period had expired without delivery of a Claim Notice.

16. On April 30, 2007, the Defendant filed a response and affirmative defenses to the Lift Stay Motion (the "Defendant Response").

17. On May 2, 2007, the Refco Trustee filed a joinder to the Defendant Response (the "Refco Trustee Joinder").

18. On May 15, 2007, the Defendant filed a motion to extend the Indemnity Period beyond the March 29, 2007 expiration date (the "Section 108 Motion").

19. On October 2, 2007, the Defendant filed a motion (the "Rule 9019 Motion") for an order approving a stipulation (the "Stipulation") by and between the Plaintiffs, the Defendant and the Refco Trustee, settling the Stay Relief Motion, the Defendant Response, the Refco Trustee Joinder and the Section 108 Motion.

20. On December 12, 2007, the Court entered an Order (the "Approval Order") approving the Rule 9019 Motion and the Stipulation; provided, however, that the

> Lift Stay Motion shall not be automatically deemed a complaint in an adversary proceeding, but rather the Plaintiffs are hereby directed to file a form of the Stay Relief Motion as a complaint (the "Complaint") against the [Suffolk] Trustee thereby commencing an adversary proceeding (the "Action") in conformity with the Local Rules for the [Court] and other applicable rules; provided, further, however, that the [Suffolk] Trustee is hereby directed to file a form of its Response and Affirmative Defenses in the Action as an answer to the Complaint[.]

Approval Order, at 1.

21. Plaintiffs commence this Adversary Proceeding in furtherance of the Approval Order to seek the relief sought in the Stay Relief Motion by way of an adversary proceeding.

22.  Pursuant to the Stipulation and the Approval Order, certain claims and counterclaims among the Plaintiffs, Defendant and the Refco Trustee are stayed and tolled pending an event of "Termination" (as defined in paragraph 10 of the Stipulation). The filing of this Complaint and the commencement of this adversary proceeding by Plaintiffs does not constitute a Termination.

### FIRST CLAIM FOR RELIEF
### (Relief from Automatic Stay)

23.  The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "22" as though fully set forth herein.

24.  Pursuant to the Escrow Agreement and the Stock Purchase Agreement, the Indemnity Period was to expire on March 29, 2007. As of March 29, 2007, no Claim Notice was delivered to the Escrow Agent or the Plaintiffs.

25.  Assuming the expiration date of the Indemnity Period was tolled sixty days to June 10, 2007 by operation of Section 108(b)(2) of the Bankruptcy Code, no Claim Notice was delivered to the Escrow Agent or the Plaintiffs as of June 10, 2007.

26.  The Defendant's Section 108 Motion to extend the expiration date of the Indemnity Period to August 9, 2007 has not been granted by the Court and has been withdrawn pursuant to the terms of the Stipulation. Nevertheless, upon information and belief, no Claim Notice was delivered to the Escrow Agent or the Plaintiffs and no claims for indemnification under the Stock Purchase Agreement have otherwise been asserted against the Plaintiffs.

27.  Despite the expiration of the Indemnity Period and the absence of any Claim Notices or any claims for indemnification asserted against Plaintiffs, Defendant, on behalf of the Debtor's estate, has refused to execute a Joint Notice with the Plaintiffs advising the Escrow Agent that the Indemnity Period has expired.

DM3\717312.1

28. Under these, circumstances, Plaintiffs are entitled, pursuant to Section 362(d) of the Bankruptcy Code, to relief from the automatic stay to permit Plaintiffs to commence and prosecute to judgment proceedings to secure the release and payment to Gonyx of the Escrow Fund.

## SECOND CLAIM FOR RELIEF
### (Claim for Compliance with Escrow Agreement)

29. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "28" as though fully set forth herein.

30. Pursuant to the Escrow Agreement and the Stock Purchase Agreement, upon the expiration of the Indemnity Period, Plaintiffs and the Debtor were to execute a Joint Notice advising the Escrow Agent that the Indemnity Period has expired.

31. On account of the expiration of the Indemnity Period and the absence of any Claim Notices or any claims for indemnification asserted against Plaintiffs, neither the Debtor nor the Defendant have any interest in the Escrow Fund.

32. On account of the expiration of the Indemnity Period and the absence of any Claim Notices or any claims for indemnification asserted against Plaintiffs, the entire Escrow Fund is the property of Plaintiffs.

33. Notwithstanding his lack of any interest in the Escrow Fund, Defendant, on behalf of the Debtor's estate, has refused to execute a Joint Notice with the Plaintiffs advising the Escrow Agent that the Indemnity Period has expired.

34. Defendants are entitled to a declaratory judgment that Defendant has no interest in the Escrow Fund and that the Escrow Fund is the property of Plaintiffs.

DM3\717312.1

35. Defendants are entitled to a judgment (i) directing Defendant to execute a Joint Notice with the Plaintiffs advising the Escrow Agent that the Indemnity Period has expired and/or (ii) directing the Escrow Agent to disburse the entire Escrow Fund, less the fees owed to the Escrow Agent, to Gonyx.

WHEREFORE, the Plaintiffs respectfully demands judgment against Defendant as follows:

   (i)   on the First Claim for Relief, modifying the Bankruptcy Code Section 362(a) automatic stay to permit Plaintiffs to commence and prosecute to judgment proceedings to secure the release and payment to Gonyx of the Escrow Fund;

   (ii)   on the Second Claim for Relief, a declaratory judgment that Defendant has no interest in the Escrow Fund and that the Escrow Fund is the property of Plaintiffs;

   (iii)   on the Second Claim for Relief, directing Defendant to execute a Joint Notice with Plaintiffs advising the Escrow Agent that the Indemnity Period has expired and/or (ii) directing the Escrow Agent to disburse the entire Escrow Fund, less the fees owed to the Escrow Agent, to Gonyx; and

[CONTINUED ON NEXT PAGE]

(iv)  all other relief to which Plaintiffs may justly be entitled.

Dated: May 6, 2008

DUANE MORRIS LLP

*signature*

Richard W. Riley
1100 North Market Street
Wilmington, DE 19801-1246
(302) 657-4928

-and-

FARRELL FRITZ, P.C.

Ted A. Berkowitz
Patrick Collins
1320 RexCorp Plaza
Uniondale, New York 11556
(516) 227-0700

*Attorneys for Gabriel Bousbib and Gonyx Capital, LLC*